# Exhibit G



THE COMMONWEALTH OF MASSACHUSETTS
EXECUTIVE OFFICE OF THE TRIAL COURT
John Adams Courthouse
One Pemberton Square, Floor 1M
Boston, Massachusetts 02108
617-878-0203

Paula Carey
Chief Justice of the Trial Court

February 23, 2017

Matthew Etre
Special Agent in Charge
Office of the Special Agent in Charge
10 Causeway Street, Room 722
Boston, MA 02222

Re: Victims of Crime and Civil Litigants

Dear Special Agent in Charge Etre:

In light of recent media reports concerning the arrest of a domestic violence victim by ICE agents at a courthouse in El Paso, Texas, I am writing to express concerns by the Massachusetts Trial Court about the protection of victims and civil litigants, especially domestic violence victims, who appear in Massachusetts state courts seeking protection and redress.

Victims of abuse and harassment appear every day in the Boston Municipal Court, District Court, Juvenile Court, Probate and Family Court, and Superior Court seeking the protection of the judicial system through applications for abuse prevention orders under G.L. c. 209A, applications for harassment prevention orders under G.L. c. 258E, and complaints for civil restraining orders. Victims of criminal acts appear daily in the Boston Municipal Court, District Court, Juvenile Court, and Superior Court seeking justice and the meaningful role in the criminal justice system guaranteed by G.L. c. 258B, § 3. Others, fearful for their safety or the safety of others as a result of mental illness or a substance use disorder, seek the protection of the court under G.L. c. 123 in Boston Municipal Court and District Court.

For decades, the Trial Court has strived to encourage and address the concerns of these victims and litigants. In recent years, the Trial Court has increased its efforts, adopting new procedures and trainings in the area of domestic violence and substance use and mental health disorder cases. Encouraging individuals who are concerned for their safety or the safety of another to explore the options and protections available to them from the Trial Court has been an essential part of providing justice, preventing crime, and promoting public safety.

It is essential that these individuals be free to seek relief from the Court without fear that their presence in Court will be the cause of an immigration enforcement action. If not, the unfortunate result will be that public safety will decrease, communities will become less safe and perpetrators of domestic violence will feel empowered to abuse their victim with impunity. Further, individuals who currently come to our Courts to help themselves or a loved one in obtaining a civil commitment for detox or treatment will be reluctant to come forward if they fear immigration consequences. .

Any increased immigration enforcement in these civil matters would mean fewer applications, more withdrawn cases, and more defaults, resulting inevitably in violence, injustice, and threats to public safety. In my view, it would ultimately affect the Court's ability to carry out its mission to provide the protections guaranteed by the laws of this Commonwealth.

I urge you to exercise your discretion whenever possible in a way that avoids any appearance that seeking the assistance of the Court as a victim of a crime or a civil litigant seeking the protection of the court system can lead to immigration enforcement against the victim.

I appreciate the collaborative attitude and the respect for the needs of the state court system that has existed in interactions between ICE and the court system. I thank you for your consideration and would welcome an opportunity to meet with you about this matter.

Sincerely,

Paula M. Carey
Chief Justice of the Trial Court

cc: Hon. Ralph D. Gants, Chief Justice of the Supreme Judicial Court
Todd Thurlow, Assistant Field Office Director