# Exhibit I

December 12, 2018

Ronald D. Vitiello
Acting Director
U.S. Immigration and Customs Enforcement
500 12th Street, SW
Washington, D.C. 20536

Dear Acting Director Vitiello,

As former state and federal judges, we write to express our concern about Immigration and Customs Enforcement's (ICE) continued reliance on immigration enforcement activities inside courthouses. We know firsthand that for courts to effectively do justice, ensure public safety, and serve their communities, the public must be able to access courthouses safely and without fear of retribution. For many, however, ICE's courthouse arrests have made courts places to avoid.

We welcomed ICE's clarification of its courthouse arrest policy in January, but that policy provides only qualified assurances that ICE will limit arrests to particular individuals or locations and makes clear that ICE officers will continue to operate inside courthouses. Following nearly two years of high profile ICE courthouse activity, only unequivocal guarantees and protections will restore the public's confidence that it can safely pursue justice in our nation's courts.

As you continue your tenure as Acting Director of ICE, we urge you to restore that confidence by adding courthouses to ICE's list of "sensitive locations," thereby assuring officers will refrain from courthouse enforcement activities except in exigent circumstances.

**Increase in ICE Courthouse Activity**

Federal immigration arrests of individuals appearing in state and local courthouses are not unique to the current administration,[1] but reports suggest there has been a dramatic increase in ICE presence in courthouses over the last two years.[2] These arrests are pervasive – they have been documented in Arizona, California, Connecticut, Colorado, Illinois, Florida, Maine, Massachusetts, Michigan, Minnesota, New Jersey, New Mexico, New York, North Carolina, Ohio, Oregon, Pennsylvania, Rhode Island, Tennessee, Texas, Utah, Vermont, and Washington.[3] And these examples may just touch the surface, as data in this area is slow to emerge.

Persons arrested include defendants facing criminal charges, survivors of domestic violence,[4] persons disputing traffic tickets, and parents seeking to protect their children from unsafe living conditions.[5] ICE has arrested people in criminal court, family court, and even a diversion court for victims of human trafficking.[6]

**The Impact on the Administration of Justice and Public Safety**

Together, we have presided over thousands of cases in trial and appellate courts. We know that judges simply cannot do their jobs – and our justice system cannot function effectively – if victims, defendants, witnesses, and family members do not feel secure in accessing the

courthouse. We recognize that ICE officers have duties to perform, but this sense of security requires that courts remain open to all and, just as important, that courts *appear* open to all.

Surveys of law enforcement and legal service providers confirm that ICE's reliance on immigration arrests in courthouses instills fear in clients and deters them from seeking justice in a court building.[7] Affidavits detail persons "terrified" to request orders protecting them from violence or enforcing child support, to serve as witnesses, and to defend themselves.[8]

Across the country, this fear has meant valid law enforcement prosecutions are abandoned, or never pursued. Denver's City Attorney dropped several domestic violence cases when victims declined to cooperate with prosecutors out of fear they would encounter ICE officers.[9] Data from Los Angeles, San Francisco, and San Diego shows a disproportionate decrease in the number of domestic violence complaints from Latino communities in 2017,[10] and Houston saw a 16 percent decline in domestic violence reports in 2017 from its growing Hispanic population.[11] Widespread reluctance to report crime both shields existing incidents from prosecution and can lead crime rates to increase.[12]

Immigration arrests have also made it more difficult for courts to remain orderly places of business. ICE's courthouse activities have led to physical altercations involving court employees, court staff burdened by ICE requests to facilitate arrests, and disputes between court administration and legal service providers.[13] The environment created by these incidents, in addition to the delays and rescheduling that result when fear prevents parties from appearing in court, only makes it more difficult for judges and court staff to do their jobs.

**ICE's January Policy Clarification**

We recognize that ICE responded in January 2018 to the concerns of judges,[14] lawyers,[15] and advocates regarding courthouse arrests, clarifying its policy and identifying the kinds of courts and individuals ICE will prioritize.[16] According to that policy, courthouse arrests will continue, but officers should avoid enforcement in courthouse areas dedicated to "non-criminal" proceedings. Officers also will not arrest family members of arrest targets "absent special circumstances," such as interference with ICE enforcement. Finally, ICE instructs officers to collaborate with court security staff to ensure arrests occur in "non-public areas of the courthouse."

After nearly two years of high-profile ICE courthouse activity, and with arrests continuing, this policy is insufficient to lift the specter of immigration arrests from court appearances. Fine-line distinctions, such as who is a target and which parts of the courthouse ICE will use for enforcement activities, will not restore the public's confidence that it can safely access courts. This is particularly true in communities in our states where family, civil, and criminal courts share the same physical space. Indeed, the chilling effect of courthouse arrests appears enduring – in the first five months of 2018, applications for protective orders in El Paso, Texas were down 18 percent from the same period in 2016.[17]

Moreover, interrupting criminal proceedings with civil immigration arrests undermines the justice system.[18] Immigration arrests delay both exoneration and prosecution, including for the

many low-level offenses resolvable quickly and without incarceration. ICE arrests have even put judges in the position of facing defendants who request to be detained, rather than released, because they know ICE officers are waiting outside the courtroom.[19]

Finally, the January policy explicitly instructs ICE officers to make use of court security resources to carry out arrests. This involvement of court staff in ICE arrests is a drain on resources and has contributed to some of the more disruptive incidents over the last two years.

**Courts Should Be Treated as Sensitive Locations**

We urge you to take steps to restore confidence in safe access to the courts, including treating courthouses as "sensitive locations" as you do schools, hospitals, places of worship and religious ceremonies, and public demonstrations. Current ICE policy prohibits officers from conducting enforcement activities in sensitive locations except in "exigent circumstances," such as risks of violence and national security matters. The same level of consideration must apply to courts.

The sensitive locations policy, in place for 25 years, reflects core values that Administrations of both political parties have prioritized above immigration enforcement.[20] Like other sensitive locations, individuals use courts to protect themselves and their communities from harm and to exercise fundamental rights. For these very reasons, the Supreme Court has recognized time and again that obstacles – physical, monetary, procedural – to fully accessing courts are intolerable.[21]

We understand that ICE favors courthouse arrests because it considers courts to be safe environments where officers are confident they can operate without danger. But it is exactly that sense of safety that we as judges tried to foster for anyone seeking access to justice, and that we believe ICE's courthouse activities put at risk.

We ask you, Acting Director, to designate courthouses as sensitive locations. Our courts and our communities will be better for it. If you wish to hear more about our concerns, many of us would gladly make ourselves available for further discussion.

Sincerely,

Hon. Wallace B. Jefferson (ret.), Chief Justice of the Supreme Court of Texas
Hon. Jim Jones (ret.), Chief Justice of the Supreme Court of Idaho
Hon. Jonathan Lippman (ret.), Chief Judge of the New York Court of Appeals
Hon. Michael L. Bender (ret.), Chief Justice of the Supreme Court of Colorado
Hon. Edward L. Chavez (ret.), Chief Justice of the Supreme Court of New Mexico
Hon. Sue Bell Cobb (ret.), Chief Justice of the Supreme Court of Alabama
Hon. Christine M. Durham (ret.), Chief Justice of the Supreme Court of Utah
Hon. Stanley G. Feldman (ret.), Chief Justice of the Supreme Court of Arizona
Hon. Chase Rogers (ret.), Chief Justice of the Supreme Court of Connecticut
Hon. Marsha Ternus (ret.), Chief Justice of the Supreme Court of Iowa

Hon. Thomas A. Zlaket (ret.), Chief Justice of the Supreme Court of Arizona
Hon. Margot Botsford (ret.), Associate Justice, Massachusetts Supreme Judicial Court
Hon. Bobbe J. Bridge (ret.), Associate Justice, Supreme Court of Washington
Hon. Louis B. Butler (ret.), Associate Justice, Supreme Court of Wisconsin
Hon. Patricia O. Cotter (ret.), Associate Justice, Supreme Court of Montana
Hon. Fernande R.V. Duffly (ret.), Associate Justice, Massachusetts Supreme Judicial Court
Hon. Janine P. Geske (ret.), Associate Justice, Supreme Court of Wisconsin
Hon. Geraldine S. Hines (ret.), Associate Justice, Massachusetts Supreme Judicial Court
Hon. Faith Ireland (ret.), Associate Justice, Supreme Court of Washington
Hon. Wayne L. Kidwell (ret.), Associate Justice, Supreme Court of Idaho
Hon. Howard Levine (ret.), Associate Judge, New York Court of Appeals
Hon. James C. Nelson (ret.), Associate Justice, Supreme Court of Montana
Hon. James M. Regnier (ret.), Associate Justice, Supreme Court of Montana
Hon. Annabelle Imber Tuck (ret.), Associate Justice, Supreme Court of Arkansas
Hon. Mike Wheat (ret.), Associate Justice, Supreme Court of Montana

Hon. Steven S. Alm (ret.), Hawaii Circuit Court, First Circuit
Hon. J. Thomas Brooks (ret.), Arizona Court of Appeals
Hon. Jeffrey S. Cates (ret.), Superior Court of Arizona in Maricopa County
Hon. Colin F. Campbell (ret.), Superior Court of Arizona in Maricopa County
Hon. David H. Coar (ret.), U.S. District Court, Northern District of Illinois
Hon. Cynthia J. Cohen (ret.), Associate Justice, Massachusetts Appeals Court
Hon. Mary Catherine Cuff (ret.), Appellate Division, Superior Court of New Jersey
Hon. Beverly Cutler (ret.), Alaska Superior Court, Third Judicial District
Hon. Raya S. Dreben (ret.), Associate Justice, Massachusetts Appeals Court
Hon. Noel Fidel (ret.), Arizona Court of Appeals
Hon. Ken Fields (ret.), Superior Court of Arizona in Maricopa County
Hon. W. Royal Furgeson (ret.), U.S. District Court, Western and Northern Districts of Texas
Hon. Katherine B. Forrest (fmr.), U.S. District Court, Southern District of New York
Hon. John Foreman (ret.), Superior Court of Arizona in Maricopa County
Hon. Lisa Foster (ret.), California Superior Court, San Diego, California
Hon. Pamela J. Franks (ret.), Superior Court of Arizona in Maricopa County
Hon. Rudolph J. Gerber (ret.), Arizona Court of Appeals
Hon. Nancy Gertner (ret.), U.S. District Court, District of Massachusetts
Hon. John Gleeson (ret.), U.S. District Court, Eastern District of New York
Hon. Robert L. Gottsfield (ret.), Superior Court of Arizona in Maricopa County

Hon. Robert L. Holzberg (ret.), Connecticut Superior Court

Hon. Karen L. Hunt (ret.), Alaska Superior Court, Third Judicial District

Hon. Donn Kessler (ret.), Arizona Court of Appeals

Hon. Arlander Keys (ret.), U.S. District Court, Northern District of Illinois

Hon. Tom Kleinschmidt (ret.), Arizona Court of Appeals

Hon. Brenda Stith Loftin (ret.), St. Louis County Circuit Court, Missouri 21st Judicial District

Hon. Victoria S. Marks (ret.), Hawaii Circuit Court, First Circuit

Hon. James E. McDougall (ret.), Superior Court of Arizona in Maricopa County

Hon. D. Duff McKee (ret.), Idaho District Court, Fourth Judicial District

Hon. David Minge (ret.), Minnesota Court of Appeals

Hon. Edward Neafsey (ret.), Superior Court of New Jersey

Hon. Peggy J. Nelson (ret.), New Mexico District Court, Eighth Judicial District

Hon. Cecil B. Patterson, Jr. (ret.), Arizona Court of Appeals

Hon. Lynn Pickard (ret.), New Mexico Court of Appeals

Hon. Maurice Portley (ret.), Arizona Court of Appeals

Hon. Shira A. Scheindlin (ret.), U.S. District Court, Southern District of New York

Hon. Barry C. Schneider (ret.), Superior Court of Arizona in Maricopa County

Hon. Gloria Sosa-Lintner (ret.), New York City Family Court

Hon. Linda Stephens (ret.), North Carolina Court of Appeals

Hon. Patricia Wald (ret.), Chief Judge of the U.S. Court of Appeals, District of Columbia Circuit

Hon. T. John Ward (ret.), U.S. District Court, Eastern District of Texas

Hon. Harvey Weissbard (ret.), Appellate Division, Superior Court of New Jersey

Hon. Sarah Zabel (ret.), Florida Circuit Court, Eleventh Judicial Circuit

---

[1] Kristen Zambo, *Targeting Spanish speakers? ICE agents reportedly looking for illegal immigrants in Racine courts*, Racine Journal Times, Dec. 3, 2013, https://journaltimes.com/news/local/targeting-spanish-speakers-ice-agents-reportedly-looking-for-illegal-immigrants/article_96870aa0-5c19-11e3-b0c5-0019bb2963f4.html; Kirk Semple, *Advocates Seek to Make Courthouses Off Limits for Immigration Officials*, N.Y. Times, May 26, 2014, https://www.nytimes.com/2014/05/27/nyregion/advocates-seek-to-make-courthouses-off-limits-for-immigration-officials.html; Rev. Elmer Zavala Gonzalez, *Immigration Enforcement Doesn't Belong in the Courthouse*, ACLU (Apr. 18, 2014, 4:39 PM), https://www.aclu.org/blog/immigrants-rights/immigration-enforcement-doesnt-belong-courthouse.

[2] Immigrant Defense Project, ICE Out of Courts, https://www.immigrantdefenseproject.org/ice-courts/.

[3] **Arizona, California, Colorado, and Texas:** James Queally, *ICE agents make arrests at courthouses, sparking backlash from attorneys and state supreme court*, L.A. Times, Mar. 16, 2017, http://www.latimes.com/local/lanow/la-me-ln-ice-courthouse-arrests-20170315-story.html; **Connecticut:** Robert Storace, *ICE's Arrest Policy at Courthouses Raises Alarm in Connecticut's Legal Community*, Connecticut Law Tribune, July 9, 2018, https://www.law.com/ctlawtribune/2018/07/09/ices-arrest-policy-at-courthouses-raises-alarm-in-connecticuts-legal-community/?slreturn=20180708160942; **Florida:** Rafi Schwartz, *ICE Moves to Deport Mom Who Showed Up to Court to Pay Minor Traffic Ticket*, Splinter News, July 23, 2018, https://splinternews.com/ice-

moves-to-deport-mom-who-showed-up-to-court-to-pay-m-1827806796; **Illinois**: Robert McCoppin & Brian L. Cox, *ICE detains man at traffic court after DACA status expires, then frees him after outcry*, Chicago Tribune, Feb. 2, 2018, http://www.chicagotribune.com/suburbs/skokie/news/ct-met-dreamer-daca-skokie-courthouse-arrest-20180131-story.html; **Maine:** Megan Doyle, *Scores of Maine attorneys condemn immigration arrest at Portland courthouse*, Portland Press Herald, Apr. 11, 2017, https://www.pressherald.com/2017/04/10/scores-of-maine-attorneys-condemn-ice-arrest-at-courthouse/; **Massachusetts:** *Immigration Enforcement at Massachusetts Courthouses: A Fact Sheet*, Lawyers' Committee for Civil Rights and Economic Justice (Nov. 10, 2017), http://lawyerscom.org/wp-content/uploads/2017/11/Immigration-Enforcement-at-Massachusetts-Courthouses-FINAL-FOR-PUBLIC-RELEASE.pdf; **Michigan:** Sarah Cwiek, *Father arrested by immigration agents at Oakland County custody hearing*, Michigan Radio, Mar. 30, 2017, http://www.michiganradio.org/post/father-arrested-immigration-agents-oakland-county-custody-hearing; **Minnesota:** Chao Xiong, *Minnesota courthouses become battleground in immigration arrests*, Star Tribune, Aug. 3, 2018, http://www.startribune.com/minnesota-courthouses-become-battleground-in-immigration-arrests/490042671/; **New Jersey:** Steph Solis, *ICE agents routinely make arrests at Middlesex County Courthouse*, NorthJersey, July 23, 2018, https://www.northjersey.com/story/news/new-jersey/2018/07/20/ice-agents-routinely-make-arrests-middlesex-county-courthouse/751629002/; **New Mexico:** *Albuquerque advocates troubled by ICE arrests outside courts*, Las Cruces Sun News, Feb. 22, 2017, https://www.lcsun-news.com/story/news/2017/02/22/albuquerque-advocates-troubled-ice-arrests-outside-courts/98276256/; **New York:** Liz Robbins, *Lawyers Walk Out to Protest ICE, and Court Objects*, N.Y. Times, Apr. 11, 2018, https://www.nytimes.com/2018/04/11/nyregion/lawyers-walk-out-to-protest-ice-and-court-objects.html; **North Carolina:** Michael Gordon, *A mother and her son turned up for a domestic-violence case. Then ICE arrested them*, Charlotte Observer, July 23, 2018, https://www.charlotteobserver.com/news/local/crime/article215232500.html; **Ohio:** Andy Long, *Attorney: Immigration agents are targeting Central Ohio traffic courts*, WCMH-TV Columbus, Feb. 27, 2018, https://www.nbc4i.com/local-news/attorney-immigration-agents-are-targeting-central-ohio-traffic-courts_20180403064046492/1096380121/; **Oregon:** Jim Ryan, *ICE arrests Guatemalan man at Washington County Courthouse*, The Oregonian, June 4, 2018, https://www.oregonlive.com/washingtoncounty/index.ssf/2018/06/ice_tries_to_arrest_man_at_was.html; **Pennsylvania**: Brian Hickey, *ICE arrests at Montgomery County courts spark fears of chilling effect on crime victims, witnesses*, Philly Voice, Mar. 15, 2018, http://www.phillyvoice.com/ice-arrests-montco-courthouses-said-have-chilling-effect-crime-victims-witnesses/; **Rhode Island**: Katie Mulvaney, *ICE agents arrest Syrian man outside Providence courthouse*, Providence Journal, June 13, 2017, http://www.providencejournal.com/news/20170613/ice-agents-arrest-syrian-man-outside-providence-courthouse; **Tennessee:** Ariana Maia Sawyer, *Nashville immigrants weigh skipping court dates after ICE arrest at courthouse*, Tennessean, June 16, 2017, https://www.tennessean.com/story/news/local/2017/06/17/nashville-immigrants-weigh-skipping-court-dates-after-ice-arrest-courthouse/401506001/; **Utah:** Tim Vandenack, *U.S. ICE agents' courthouse arrest of Weber Co. immigrant irks judge, lawyer*, Standard-Examiner, Apr. 2, 2018, http://www.standard.net/Government/2018/04/02/ICE-agents-courthouse-arrest-of-Weber-County-immigrant-irks-judge-lawyer; **Vermont:** Jess Aloe, *Advocates call for release of undocumented worker arrested in Burlington*, Burlington Free Press, Mar. 17, 2017, https://www.burlingtonfreepress.com/story/news/2017/03/17/advocates-call-release-undocumented-worker-arrested-burlington/99263162/; **Washington:** Joseph O'Sullivan, *Chief justice asks ICE not to track immigrants at state courthouses*, The Seattle Times, Mar. 22, 2017, https://www.seattletimes.com/seattle-news/politics/chief-justice-asks-ice-not-to-track-immigrants-at-state-courthouses/.

[4] Daniel Borunda, *Agent won't face perjury charge in controversial El Paso courthouse arrest*, El Paso Times, Sept. 22, 2017, https://www.elpasotimes.com/story/news/immigration/2017/09/22/agent-wont-face-perjury-charge-controversial-el-paso-courthouse-arrest-group-says/695087001/.

[5] Steve Coll, *When a Day in Court is a Trap for Immigrants*, The New Yorker, Nov. 8, 2017, https://www.newyorker.com/news/daily-comment/when-a-day-in-court-is-a-trap-for-immigrants.

[6] Beth Fertig, *When ICE Shows Up in Human Trafficking Court*, WNYC, June 22, 2017, https://www.wnyc.org/story/when-ice-shows-court/.

[7] Tahirih Justice Center, 2017 Advocate and Legal Service Survey Regarding Immigrant Survivors (2017), http://www.tahirih.org/wp-content/uploads/2017/05/2017-Advocate-and-Legal-Service-Survey-Key-Findings.pdf; ACLU, Freezing Out Justice (2018), https://www.aclu.org/sites/default/files/field_document/rep18-icecourthouse-combined-rel01.pdf.

[8] Shira Schoenberg, *Advocates seek to bar immigration arrests at Massachusetts courthouses*, MassLive, Mar. 15, 2018, https://www.masslive.com/politics/index.ssf/2018/03/advocates_ask_court_to_bar_fed.html; The Fund for

Modern Courts, Protecting the Administration of Justice in New York State 16-17 (2017), http://moderncourts.org/wp-content/uploads/2017/12/Modern-Courts-Report-December-2017-ICE-and-NY-COURTHOUSES2-1.pdf.

[9] Mark Belcher, *Denver prosecutor: ICE agents in courthouses compromising integrity of domestic violence cases*, TheDenverChannel.com, Feb. 24, 2017, https://www.thedenverchannel.com/news/local-news/denver-prosecutor-ice-agents-in-courthouses-compromising-integrity-of-domestic-violence-cases.

[10] James Queally, *Fearing deportation, many domestic violence victims are steering clear of police and courts*, L.A. Times, Oct. 9, 2017, http://www.latimes.com/local/lanow/la-me-ln-undocumented-crime-reporting-20171009-story.html.

[11] Cora Engelbrecht, *Few Immigrants Are Reporting Domestic Abuse. Police Blame Fear of Deportation.*, N.Y. Times, June 3, 2018, https://www.nytimes.com/2018/06/03/us/immigrants-houston-domestic-violence.html.

[12] Richard Rosenfeld et al., Assessing and Responding to the Recent Homicide Rise in the United States, National Institute of Justice (2017), https://www.ncjrs.gov/pdffiles1/nij/251067.pdf.

[13] Christina Carrega, *Defense attorneys protest outside Brooklyn courthouse after ICE cuffs one lawyer's client*, N.Y. Daily News, Nov. 28, 2017, http://www.nydailynews.com/new-york/brooklyn/defense-attorneys-protest-client-ice-arrest-brooklyn-article-1.3663018.

[14] Letter from Chief Justice of Oregon Thomas A. Balmer to Attorney General Jeff Sessions and Secretary of Homeland Security John F. Kelly, Apr. 6, 2017, http://www.ncsc.org/~/media/Files/PDF/Topics/ICE/OregonLetter.ashx; Letter from Chief Justice of New Jersey Stuart Rabner to Secretary of Homeland Security John Kelly, Apr. 19, 2017, http://www.ncsc.org/~/media/Files/PDF/Topics/ICE/NJ%20Letter.ashx; Letter from Chief Justice of Washington Mary E. Fairhurst to Secretary of Homeland Security John F. Kelly, Mar. 22, 2017, http://www.ncsc.org/~/media/Files/PDF/Topics/ICE/WA%20Letter.ashx; Letter from Chief Justice of California Tani G. Cantil-Sakauye, Mar. 16, 2017, http://www.ncsc.org/~/media/Files/PDF/Topics/ICE/CA%20Letter.ashx; Letter from Chief Justice of Connecticut Chase T. Rogers to Attorney General Jefferson B. Sessions III and Secretary of Homeland Security John F. Kelly, May 15, 2017, http://www.ncsc.org/~/media/Files/PDF/Topics/ICE/CT%20Letter.ashx.

[15] American Bar Association, Resolution 10C (2017 Annual Meeting), https://www.americanbar.org/content/dam/aba/images/abanews/2017%20Annual%20Resolutions/10C.pdf.

[16] U.S. Immigration and Customs Enforcement, Dir. No. 11072.1, Civil Immigration Enforcement Actions Inside Courthouses (Jan. 10, 2018), https://www.ice.gov/factsheets/civil-immigration-enforcement-actions-courthouses-directive.

[17] Brennan Center for Justice at NYU School of Law, data on file.

[18] Letter from 12 California Prosecuting Attorneys to Attorney General Jeff Sessions and Secretary of Homeland Security John F. Kelly, Apr. 4, 2017, http://www.ncsc.org/~/media/Files/PDF/Topics/ICE/CAProsecutorsLetter.ashx.

[19] Christina Carrega, *Defense attorneys protest outside Brooklyn courthouse after ICE cuffs one lawyer's client*, N.Y. Daily News, Nov. 28, 2017, http://www.nydailynews.com/new-york/brooklyn/defense-attorneys-protest-client-ice-arrest-brooklyn-article-1.3663018.

[20] Memorandum from Julie L. Myers, Assistant Secretary, U.S. Immigration & Customs Enforcement, to All Field Office Directors & All Special Agents in Charge, Field Guidance on Enforcement Actions or Investigative Activities At or Near Sensitive Community Locations (July 3, 2008); Memorandum from James A. Puleo, Acting Associate Commissioner of the Office of Operations, U.S. Immigration & Naturalization Serv., to District Directors & Chief Patrol Agents, Enforcement Activities at Schools, Places of Worship, or at funerals or other religious ceremonies (May 17, 1993).

[21] Tennessee v. Lane, 541 U.S. 509 (2004); Boddie v. Connecticut, 401 U.S. 371 (1971); Faretta v. California, 422 U.S. 806 (1975); Press-Enterprise Co. v. Superior Court, 478 U.S. 1 (1986).