# Exhibit 2

A

# NEW

# Abridgement of the Law.

BY MATTHEW BACON,

OF THE MIDDLE TEMPLE, ESQ.

THE SEVENTH EDITION, CORRECTED;

WITH LARGE ADDITIONS, INCLUDING THE LATEST STATUTES AND AUTHORITIES.

VOLUMES II. III. AND IV. (EXCEPT THE ADDENDA,)

By SIR HENRY GWILLIM,

OF THE MIDDLE TEMPLE, KNIGHT;
LATE ONE OF THE JUDGES OF HIS MAJESTY'S SUPREME COURT
AT MADRAS.

VOLUMES I. V. VI. VII. AND VIII. AND THE ADDENDA TO THE
OTHER VOLUMES,

By CHARLES EDWARD DODD,

OF THE INNER TEMPLE, ESQ. BARRISTER AT LAW.

IN EIGHT VOLUMES.

VOL. VI.

LONDON:

PRINTED BY A. STRAHAN,
LAW-PRINTER TO THE KING'S MOST EXCELLENT MAJESTY;

FOR J. AND W. T. CLARKE; LONGMAN, REES, ORME, BROWN, AND GREEN;
T. CADELL; J. RICHARDSON; J. M. RICHARDSON; R. SCHOLEY; C. J. G. AND F.
RIVINGTON; BALDWIN AND CRADOCK; W. WALKER; SAUNDERS AND BENNING;
A. MAXWELL; S. SWEET; H. BUTTERWORTH; STEVENS AND SONS; G. WILSON;
E. HODGSON; R. PHENEY; J. RICHARDS; E. NUNN; AND A. AND R. SPOTTISWOODE.
1832.

<table>
<tr><td>attorney suing by original, waives his privilege. Hetherington v. Lowth, 2 Stra. 837.</td><td>he seems regardless of his privilege, and is to be considered as a person at large.</td></tr>
</table>

| | |
|---|---|
| 2 Ld. Raym. 1556. Fitzg. 40. S. C. Burroughs v. Willis. 2 Stra. 822. Barnard. K. B. 14. | On a motion to discharge a rule which had been obtained for changing the *venue*, it appeared, that the plaintiff was a barrister and master in chancery; and the court held, that he had a privilege, by reason of his attendance, to lay his action in *Middlesex*, and therefore discharged the rule. |
| 1 Price, 384.n. | ‖An attorney (not being one of the four attornies of the court of Exchequer) is not in that court entitled to the privilege of laying his *venue* in *Middlesex*. |
| 7 Taunt. 146. S.C. 2 Marsh. 426.; *et vide* 2 Marsh. 152. | If the plaintiff, an attorney, by mistake lay his *venue* in another county instead of *Middlesex*, the Court of C. B. will not amend in order to change it.‖ |

2. *Of the Privilege and Protection allowed those whose Attendance is necessarily required.*

| | |
|---|---|
| Brownl. 15. Raym. 101. 2 Mod. 181. 2 Roll. Abr. 272. Golds 33. (*a*) If he knew that the party was prosecuting or defending any suit; | The law not only allows privileges to the officers of the court, but also protects all those whose attendance is necessary in courts; so that if a suitor is arrested either in the face of the court, or out of the court, as he is coming to attend and follow his suit, or upon his return, it appears upon complaint made thereof, that the fact was so, the court will not only discharge the party from the arrest, but will punish the officers or bailiffs, as also the plaintiff (*a*) who procured the arrest, as for a contempt to the court. |

because an affront to the court, as well as an injury to the party arrested. 2 Lil. Reg. 369.

| | |
|---|---|
| Mich.26 Car.2. in C. B. | Serjeant *Scroggs*, entering his coach at the door of *Westminster-hall*, was arrested upon *latitat* out of *B. R.*, and complaint being made thereof in C. B., it was agreed, that not only serjeants at law, but all other persons whatsoever, are freed from arrests so long as they are in view of any of the courts at *Westminster*, or if near the courts, though out of the view, lest any disturbance may be occasioned to the courts or any violence used, which in such cases is very penal. In this case the serjeant was discharged of the arrest by rule of court, and the judges said, that if the plaintiff should bring an action against the sheriff for an escape, they would commit him. The bailiffs who made the arrest were committed to the *Fleet*, but the next day, upon their submission and acknowledgment, were discharged, paying their fees. |
| 2 Mod. 181. Long's case. | So, where one *Long*, an attorney of C. B., was arrested in *Palace-yard*, not far from the Hall gate, sitting the court, he together with the officer was brought into court, and the officer committed to the *Fleet*; and because the plaintiff was an attorney of *B. R.* who informed the Court of C. B. that his cause of action was ·200*l.*, the court ordered that another of the sheriff's bailiffs should take charge of the prisoner, and that the prothonotary should go with him to the Court of *B. R.*, and that court, being informed how the case was, discharged the defendant on common bail. The writ upon which he was arrested was an attachment |

of