# U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT

**Directive Number 11072.1:**  Civil Immigration Enforcement Actions Inside Courthouses

**Issue Date:**  January 10, 2018
**Effective Date:**  January 10, 2018
**Superseded:**  None
**Federal Enterprise Architecture Number:** 306-112-002b

1. **Purpose/Background.** This Directive sets forth U.S. Immigration and Customs Enforcement (ICE) policy regarding civil immigration enforcement actions inside federal, state, and local courthouses. Individuals entering courthouses are typically screened by law enforcement personnel to search for weapons and other contraband. Accordingly, civil immigration enforcement actions taken inside courthouses can reduce safety risks to the public, targeted alien(s), and ICE officers and agents. When practicable, ICE officers and agents will conduct enforcement actions discreetly to minimize their impact on court proceedings.

   Federal, state, and local law enforcement officials routinely engage in enforcement activity in courthouses throughout the country because many individuals appearing in courthouses for one matter are wanted for unrelated criminal or civil violations. ICE's enforcement activities in these same courthouses are wholly consistent with longstanding law enforcement practices, nationwide. And, courthouse arrests are often necessitated by the unwillingness of jurisdictions to cooperate with ICE in the transfer of custody of aliens from their prisons and jails.

2. **Policy.** ICE civil immigration enforcement actions inside courthouses include actions against specific, targeted aliens with criminal convictions, gang members, national security or public safety threats, aliens who have been ordered removed from the United States but have failed to depart, and aliens who have re-entered the country illegally after being removed, when ICE officers or agents have information that leads them to believe the targeted aliens are present at that specific location.

   Aliens encountered during a civil immigration enforcement action inside a courthouse, such as family members or friends accompanying the target alien to court appearances or serving as a witness in a proceeding, will not be subject to civil immigration enforcement action, absent special circumstances, such as where the individual poses a threat to public safety or interferes with ICE's enforcement actions.[1]

---

[1] ICE officers and agents will make enforcement determinations on a case-by-case basis in accordance with federal law and consistent with U.S. Department of Homeland Security (DHS) policy. *See* Memorandum from John Kelly, Secretary of Homeland Security, *Enforcement of the Immigration Laws to Serve the National Interest* (Feb. 20, 2017); Memorandum from John Kelly, Secretary of Homeland Security, *Implementing the President's Border Security and Immigration Enforcement Improvements Policies* (Feb. 20, 2017).

ICE officers and agents should generally avoid enforcement actions in courthouses, or areas within courthouses that are dedicated to non-criminal (e.g., family court, small claims court) proceedings. In those instances in which an enforcement action in the above situations is operationally necessary, the approval of the respective Field Office Director (FOD), Special Agent in Charge (SAC), or his or her designee is required.

Civil immigration enforcement actions inside courthouses should, to the extent practicable, continue to take place in non-public areas of the courthouse, be conducted in collaboration with court security staff, and utilize the court building's non-public entrances and exits.

Planned civil immigration enforcement actions inside courthouses will be documented and approved consistent with current operational plans and field operations worksheet procedures. Enforcement and Removal Operations (ERO) and Homeland Security Investigations (HSI) may issue additional procedural guidance on reporting and documentation requirements; such reporting and documentation shall not impose unduly restrictive requirements that operate to hamper or frustrate enforcement efforts.

As with any planned enforcement action, ICE officers and agents should exercise sound judgment when enforcing federal law and make substantial efforts to avoid unnecessarily alarming the public. ICE officers and agents will make every effort to limit their time at courthouses while conducting civil immigration enforcement actions.

This policy does not apply to criminal immigration enforcement actions inside courthouses, nor does it prohibit civil immigration enforcement actions inside courthouses.

3. **Definition** The following definitions apply for the purposes of this Directive only.

3.1. **Civil immigration enforcement action.** Action taken by an ICE officer or agent to apprehend, arrest, interview, or search an alien in connection with enforcement of administrative immigration violations.

4. **Responsibilities.**

4.1. The **Executive Associate Directors** for **ERO** and **HSI** are responsible for ensuring compliance with the provisions of this Directive within his or her program office.

4.2. **ERO FODs** and **HSI SACs** are responsible for:

1) Providing guidance to officers and agents on the approval process and procedures for civil immigration enforcement actions at courthouses in their area of responsibility beyond those outlined in this Directive; and

2) Ensuring civil immigration enforcement actions at courthouses are properly documented and reported, as prescribed in Section 5.1 of this Directive.

4.3. **ICE Officers and Agents** are responsible for complying with the provisions of this Directive and properly documenting and reporting civil immigration enforcement actions at courthouses, as prescribed in Section 5.1 of this Directive.[2]

5. **Procedures/Requirements.**

5.1. **Reporting Requirements.**

   1) ICE officers and agents will document the physical address of planned civil immigration enforcement actions in accordance with standard procedures for completing operational plans, noting that the target address is a courthouse.[3]

   2) Unless otherwise directed by leadership, there will be no additional reporting requirements in effect for this Directive.

6. **Recordkeeping.** ICE maintains records generated pursuant to this policy, specifically the Field Operations Worksheets (FOW) and Enforcement Operation Plan (EOP). ERO will maintain the FOW in accordance with the Fugitive Operations schedule DAA-0567-2015-0016. HSI will maintain EOPs in accordance with the Comprehensive Records Schedule N1-36-86-1/161.3. The EOPs will be maintained within the Investigative Case Files.

7. **Authorities/References.**

7.1. DHS Directive 034-06, *Department Reporting Requirements,* October 23, 2015.

7.2. DHS Instruction 034-06-001, Rev. 1, *Department Reporting Requirements,* March 28, 2017.

8. **Attachments.** None.

9. **No Private Right.** This document provides only internal ICE policy guidance, which may be modified, rescinded, or superseded at any time without notice. It is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter. Likewise, no limitations are placed by this guidance on the otherwise lawful enforcement or litigative prerogatives of ICE.

---

[2] *See also* ICE Directive No. 10036.1, *Interim Guidance Relating to Officer Procedure Following Enactment of VAWA 2005* (Jan. 22, 2007), for additional requirements regarding civil immigration enforcement actions against certain victims and witnesses conducted at courthouses.

[3] ERO will use the Field Operations Worksheet and HSI will use the Enforcement Operation Plan.

Thomas D. Homan
Deputy Director and
Senior Official Performing the Duties of the Director
**U.S. Immigration and Customs Enforcement**