UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARIAN RYAN, in her official capacity
as Middlesex County District Attorney;
RACHAEL ROLLINS, in her official capacity
as Suffolk County District Attorney;
COMMITTEE FOR PUBLIC COUNSEL SERVICES;
and the CHELSEA COLLABORATIVE, INC.,
    Plaintiffs,

v.        Civil Action No. 1:19-cv-11003-IT

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT; MATTHEW T. ALBENCE, in his
official capacity as Acting Deputy Director of U.S.
Immigration and Customs Enforcement and Senior
Official Performing the Duties of the Director;
TODD M. LYONS, in his official capacity as Immigration
and Customs Enforcement, Enforcement and Removal
Operations, Acting Field Office Director;
U.S. DEPARTMENT OF HOMELAND SECURITY; and
KEVIN McALEENAN, in his official capacity as Acting
Secretary of United States Department of Homeland Security,
    Defendants.

### NOTICE OF SCHEDULING CONFERENCE
December 10, 2019

In accordance with Fed. R. Civ. P. 16(b) and Local Rules 16.1 (as modified by this order), **an initial scheduling conference will be held in Courtroom 9 on the 3rd floor of the John Joseph Moakley United States Courthouse in Boston, Massachusetts, on January 6, 2020, at 3:00 P.M.**

The court considers attendance of lawyers ultimately responsible for the case to be of the utmost importance. Counsel for the plaintiff(s) is responsible for ensuring that

all parties and/or their attorneys who have not filed an answer or appearance with the court are notified of the date of the scheduling conference.

The court expects compliance with sections (b), (c), and (d) of L.R. 16.1[1] as modified below:

1. **Scheduling Order**: In most cases, the court will issue a scheduling order at the conference in the form attached hereto. The court may depart from the form in cases of relative complexity or simplicity or otherwise if justice so requires. The parties should attempt to agree on the relevant dates for discovery and motion practice.  In a case of ordinary complexity, the parties should propose a schedule that calls for the completion of fact discovery, expert discovery, and motion practice less than one calendar year from the date of the scheduling conference. The dates of the status conference and pretrial conference will be set by the court.

2. **Settlement Proposals:** Each defendant shall present to the plaintiff(s) a written response to the plaintiff(s)' settlement proposal(s) no later than seven days prior to the scheduling conference.

3. **Initial Disclosures:** In addition to the information required by L.R. 26.2, initial disclosures shall include:

    a. The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information; and,

    b. A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party relevant to disputed facts alleged with particularity in the pleadings.

4.  **Pending Motions:** The parties' joint statement shall identify all pending motions. Counsel shall be prepared to argue pending motions at the scheduling conference.

5.  **Reassignment to a Magistrate Judge:** The parties' joint statement shall indicate whether all parties consent to reassignment of the case to a magistrate judge for all purposes. If all parties consent, the parties should also jointly file a completed "Consent/Refusal of Magistrate Judge Jurisdiction" form available at http://www.mad.uscourts.gov/resources/forms-local.htm.

6.  **Client Signatures:** Clients should hand sign the certificate of consultation filed pursuant to Local Rule 16.1(d)(3). Counsel may sign with a typed signature so long as counsel is registered to use the court's CM/ECF system.

7.  Proposed Orders: Any proposed orders, such as Proposed Protective Orders, shall be docketed separately as an exhibit to a Motion for Proposed Order.

                                                            I<u>ndira Talwani</u>
                                                            **United States District Judge**

                                                       **By: <u>/s/Gail A. MacDonald Marchione</u>**
**Date: December 10, 2019**                                         **Courtroom Deputy Clerk**

---

[1] These sections of Local Rule 16.1 provide:

(b) Obligation of Counsel to Confer. Unless otherwise ordered by the judge, counsel for the parties must, pursuant to Fed. R. Civ. P. 26(f), confer at least 21 days before the date for the scheduling conference for the purpose of:

    (1) preparing an agenda of matters to be discussed at the scheduling conference,

    (2) preparing a proposed pretrial schedule for the case that includes a plan for discovery, and

    (3) considering whether they will consent to trial by magistrate judge.

(c) Settlement Proposals. Unless otherwise ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than 14 days before the date for the scheduling conference. Defense counsel shall have conferred with their clients on the subject of settlement before the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

(d) Joint Statement. Unless otherwise ordered by the judge, the parties are required to file, no later than seven (7) days before the scheduling conference and after consideration of the topics contemplated by Fed. R. Civ. P. 16(b) & (c) and 26(f), a joint statement containing a proposed pretrial schedule, which shall include:

> (1) a joint discovery plan scheduling the time and length for all discovery events, that shall
>
>> (a) conform to the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b), and
>>
>> (b) take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and
>
> (2) a proposed schedule for the filing of motions; and
>
> (3) certifications signed by counsel and by an authorized representative of each party affirming that each party and that party's counsel have conferred:
>
>> (a) with a view to establishing a budget for the costs of conducting the full course—and various alternative courses—of the litigation; and
>>
>> (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
Plaintiff,

v.                                                                             Civil Action No. _____

_____
Defendant.

Scheduling Order

TALWANI, D.J.

This Scheduling Order is intended to provide a reasonable timetable for discovery and motion practice in order to help ensure a fair and just resolution of this matter without undue expense or delay.

Timetable for Discovery and Motion Practice

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(f), it is hereby ORDERED that:

1.       Initial Disclosures.  Initial disclosures required by Fed. R. Civ. P. 26(a)(1) and by this court=s Notice of Scheduling Conference must be completed by _____.

2.       Amendments to Pleadings. Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after _____.

3.       Fact Discovery – Interim Deadlines.

a.       All requests for production of documents and interrogatories must be served by _____.

b.       All requests for admission must be served by _____.

c.       All depositions, other than expert depositions, must be completed by _____.

4.     Fact Discovery – Final Deadline.  All discovery, other than expert discovery, must be completed by _____.

5.     Status Conference.  A status conference will be held on _____.

6.     Expert Discovery.

a.     Plaintiff(s)' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by, _____.

b.     Plaintiff(s)' trial experts must be deposed by _____.

c.     Defendant(s)' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by _____.

d.     Defendant(s)' trial experts must be deposed by _____.

7.     Dispositive Motions.

a.     Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed by _____.

8.     Initial Pretrial Conference.  An initial pretrial conference will be held on _____ at ____ a.m./p.m.  The parties shall prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(d) five business days prior to the date of the conference.

Procedural Provisions

9.     Extension of Deadlines. Motions to extend or modify deadlines will be granted only for good cause shown. All motions to extend shall contain a brief statement of the reasons for the request; a summary of the discovery, if any, that remains to be taken; and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion.

10.    Motions to Compel or Prevent Discovery. Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than seven days after

the close of fact discovery or the close of expert discovery, whichever deadline is relevant. If additional discovery is compelled by the court after the relevant deadline has passed, the court may enter such additional orders relating to discovery as may be appropriate.

11.     Status Conferences. The court has scheduled a status conference after (or close to) the close of fact discovery for case management purposes. Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the court upon reasonable notice to opposing counsel.

12.     Additional Conferences. Upon request of counsel, or at the court's own initiative, additional case-management or status conferences may be scheduled.

13.     Early Resolution of Issues. The court recognizes that, in some cases, early resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to confer and jointly advise the court of any such issues.

14.     Pretrial Conference. Lead trial counsel are required to attend any pretrial conference.

15.     Discovery Disputes.  In the event the parties encounter a discovery dispute, they are encouraged to request a hearing or telephone conference with the court before filing a discovery motion.

                                                      **EXAMPLE ONLY**
                                        **United States District Judge**

                                        **By:  EXAMPLE ONLY**
**Date:   EXAMPLE ONLY**                        **Deputy Clerk**