# Ex. C

Mem. on Prosecutorial Discretion: Certain Victims, Witnesses, and Plaintiffs (June 17, 2011)

Policy Number: 10076.1
FEA Number: 306-112-002b

*Office of the Director*

**U.S. Department of Homeland Security**
500 12th Street, SW
Washington, D.C. 20536



**U.S. Immigration and Customs Enforcement**

JUN 17 2011

MEMORANDUM FOR:    All Field Office Directors
                   All Special Agents in Charge
                   All Chief Counsel

FROM:              John Morton
                   Director

SUBJECT:           Prosecutorial Discretion: Certain Victims, Witnesses, and Plaintiffs

Purpose:

This memorandum sets forth agency policy regarding the exercise of prosecutorial discretion in removal cases involving the victims and witnesses of crime, including domestic violence, and individuals involved in non-frivolous efforts related to the protection of their civil rights and liberties.  In these cases, ICE officers, special agents, and attorneys should exercise all appropriate prosecutorial discretion to minimize any effect that immigration enforcement may have on the willingness and ability of victims, witnesses, and plaintiffs to call police and pursue justice.  This memorandum builds on prior guidance on the handling of cases involving T and U visas and the exercise of prosecutorial discretion.[1]

Discussion:

Absent special circumstances or aggravating factors, it is against ICE policy to initiate removal proceedings against an individual known to be the immediate victim or witness to a crime.  In practice, the vast majority of state and local law enforcement agencies do not generally arrest victims or witnesses of crime as part of an investigation.  However, ICE regularly hears concerns that in some instances a state or local law enforcement officer may arrest and book multiple people at the scene of alleged domestic violence.  In these cases, an arrested victim or witness of domestic violence may be booked and fingerprinted and, through the operation of the Secure

---

[1] For a thorough explanation of prosecutorial discretion, see the following: Memorandum from Peter S. Vincent, Principal Legal Advisor, Guidance Regarding U Nonimmigrant Status (U visa) Applicants in Removal Proceedings or with Final Orders of Deportation or Removal (Sept. 25, 2009); Memorandum from William J. Howard, Principal Legal Advisor, VAWA 2005 Amendments to Immigration and Nationality Act and 8 U.S.C. § 1367 (Feb. 1, 2007); Memorandum from Julie L. Myers, Assistant Secretary of ICE, Prosecutorial and Custody Discretion (Nov. 7, 2007); Memorandum from William J. Howard, Principal Legal Advisor, Prosecutorial Discretion (Oct. 24, 2005); Memorandum from Doris Meissner, Commissioner, Immigration and Naturalization Service, Exercising Prosecutorial Discretion (Nov. 17, 2000).

Prosecutorial Discretion: Certain Victims, Witnesses, and Plaintiffs
Page 2

Communities program or another ICE enforcement program, may come to the attention of ICE. Absent special circumstances, it is similarly against ICE policy to remove individuals in the midst of a legitimate effort to protect their civil rights or civil liberties.

To avoid deterring individuals from reporting crimes and from pursuing actions to protect their civil rights, ICE officers, special agents, and attorneys are reminded to exercise all appropriate discretion on a case-by-case basis when making detention and enforcement decisions in the cases of victims of crime, witnesses to crime, and individuals pursuing legitimate civil rights complaints.  Particular attention should be paid to:

- victims of domestic violence, human trafficking, or other serious crimes;
- witnesses involved in pending criminal investigations or prosecutions;
- plaintiffs in non-frivolous lawsuits regarding civil rights or liberties violations; and
- individuals engaging in a protected activity related to civil or other rights (for example, union organizing or complaining to authorities about employment discrimination or housing conditions) who may be in a non-frivolous dispute with an employer, landlord, or contractor.

In deciding whether or not to exercise discretion, ICE officers, agents, and attorneys should consider all serious adverse factors.  Those factors include national security concerns or evidence the alien has a serious criminal history, is involved in a serious crime, or poses a threat to public safety.  Other adverse factors include evidence the alien is a human rights violator or has engaged in significant immigration fraud.  In the absence of these or other serious adverse factors, exercising favorable discretion, such as release from detention and deferral or a stay of removal generally, will be appropriate.  Discretion may also take different forms and extend to decisions to place or withdraw a detainer, to issue a Notice to Appear, to detain or release an alien, to grant a stay or deferral of removal, to seek termination of proceedings, or to join a motion to administratively close a case.

In addition to exercising prosecutorial discretion on a case-by-case basis in these scenarios, ICE officers, agents, and attorneys are reminded of the existing provisions of the Trafficking Victims Protection Act (TVPA),[2] its subsequent reauthorization,[3] and the Violence Against Women Act (VAWA).[4]  These provide several protections for the victims of crime and include specific provisions for victims of domestic violence, victims of certain other crimes,[5] and victims of human trafficking.

Victims of domestic violence who are the child, parent, or current/former spouse of a U.S. citizen or permanent resident may be able to self-petition for permanent residency.[6]  A U nonimmigrant visa provides legal status for the victims of substantial mental or physical abuse as

---

[2] Pub. L. No. 106-386, §§101-113, 114 Stat. 1464, 1466 (codified as amended in scattered sections of the U.S.C.).
[3] William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub. L. No. 110-457, 122 Stat. 1464, 1491 (codified as amended in scattered sections of the U.S.C.).
[4] Pub. L. No. 106-386, §§1001-1603, 114 Stat. 1464, 1491 (codified as amended in scattered sections of the U.S.C.).
[5] For a list of the qualifying crimes, see INA §101(a)(15)(U)(iii).
[6] *See* INA §101(a)(51).

Prosecutorial Discretion: Certain Victims, Witnesses, and Plaintiffs
Page 3

a result of domestic violence, sexual assault, trafficking, and other certain crimes.[7]  A T
nonimmigrant visa provides legal status to victims of severe forms of trafficking who assist law
enforcement in the investigation and/or prosecution of human trafficking cases.[8]  ICE has
important existing guidance regarding the exercise of discretion in these cases that remains in
effect.  Please review it and apply as appropriate.[9]

Please also be advised that a flag now exists in the Central Index System (CIS) to identify those
victims of domestic violence, trafficking, or other crimes who already have filed for, or have
been granted, victim-based immigration relief.  These cases are reflected with a Class of
Admission Code "384."  When officers or agents see this flag, they are encouraged to contact the
local ICE Office of Chief Counsel, especially in light of the confidentiality provisions set forth at
8 U.S.C. § 1367.

No Private Right of Action

These guidelines and priorities are not intended to, do not, and may not be relied upon to create
any right or benefit, substantive or procedural, enforceable at law by any party in any
administrative, civil, or criminal matter.

---

[7] *See* INA §101(a)(15)(U).
[8] *See* INA §101(a)(15)(T).
[9] *See* Memorandum from John P. Torres, Director, Office of Detention and Removal Operations and Marcy M.
Forman, Director, Office of Investigations, Interim Guidance Relating to Officers Procedure Following Enactment
of VAWA 2005 (Jan. 22, 2007).