UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

MARIAN RYAN, in her official capacity as )
Middlesex County District Attorney; RACHAEL )
ROLLINS, in her official capacity as Suffolk )
County District Attorney; COMMITTEE FOR )
PUBLIC COUNSEL SERVICES; and the )
CHELSEA COLLABORATIVE, INC., )
                                     )
        Plaintiffs, )
                                       )
        v. )
                                         )
U.S. IMMIGRATION AND CUSTOMS )
ENFORCEMENT; MATTHEW T. )
ALBENCE, in his official capacity as Acting )      Civil Action No. 1:19-cv-11003-IT
Deputy Director of U.S. Immigration and )
Customs Enforcement and Senior Official )
Performing the Duties of the Director; TODD )
M. LYONS, in his official capacity as )
Immigration and Customs Enforcement, )
Enforcement and Removal Operations, Acting )
Field Office Director; U.S. DEPARTMENT OF )
HOMELAND SECURITY; and CHAD WOLF, )
in his official capacity as Acting Secretary of )
United States Department of Homeland Security, )
                                       )
        Defendants. )
                                       )
                                       )
_____ )

## JOINT STATEMENT OF PARTIES PURSUANT TO LOCAL RULE 16.1

      Pursuant to Rule 16(b), 16(c), and 26(f) of the Federal Rules of Civil Procedure, the Local

Rules 16.1 and 26.1, and the Court's Notice of Scheduling Conference scheduled for January 22,

2020, Plaintiffs Marian Ryan, Rachael Rollins, Committee for Public Counsel Services, and the

Chelsea Collaborative, Inc. (collectively, "Plaintiffs") and Defendants U.S. Immigration and

Customs Enforcement, Matthew T. Albence, Todd M. Lyons, U.S. Department of Homeland

Security, and Chad Wolf (collectively, "Defendants," and with Plaintiffs, the "Parties"), hereby

submit this Joint Statement of the Parties. The Parties have meet and conferred pursuant to Local

Rule 16.1(b) and submit following joint discovery plan and proposed schedule:

## I.    AGENDA FOR SCHEDULING CONFERENCE

1. Discovery Issues;

2. Proposed Joint Discovery Plan and Pretrial Schedule (set forth herein); and

3. Status of Settlement Discussions.

## II.   AMENDING PLEADINGS

The Parties agree that Chad Wolf, who was sworn in as Acting Secretary on November 13,

2019, should be substituted for Kevin K. McAleenan as Acting Secretary of Homeland Security,

pursuant to Fed. R. Civ. P. 25(d). The Parties agree that Plaintiffs must seek leave of court to

otherwise amend their Complaint under Fed. R. Civ. P. 15.

## III.  DISCOVERY ISSUES

The Parties were unable to reach an agreement regarding the proposed schedule for

discovery or whether discovery is appropriate at this time. The Parties' positions are detailed below.

### A.    Plaintiffs' Position

In this litigation, Plaintiffs have alleged four separate claims asserting violations of the APA

(Count I), the Common Law Privilege Against Courthouse Arrest (Count II), the Tenth

Amendment (Count III), and the Right of Access to the Courts (Count IV). Defendants argue that

Plaintiffs are not entitled to discovery on *any* of their four claims because a single cause of action,

Count I, arises under the APA. Defendants are wrong as a matter of law, and courts have already

rejected attempts to avoid discovery on these grounds in other cases. Notably, Defendants cite to

the Complaint paragraphs 107-122 to argue that all claims must be analyzed through the APA, but

none of those paragraphs mention the APA. Plaintiffs respectfully request that this court allow

discovery to proceed for Counts II-IV, their remaining common law and constitutional claims.  In addition, Defendants' request for additional briefing should be denied.  Defendants have already briefed this issue in the Southern District of New York, and they have failed to offer any explanation as to why they could not adequately brief the issue in this joint statement now to avoid unnecessary delay.

Under the APA, judicial review of agency action, and therefore discovery relating to that review, is limited to the administrative record.  *See City of Taunton, Massachusetts v. United States Envtl. Prot. Agency*, 895 F.3d 120, 127 (1st Cir. 2018), *cert. denied sub nom. City of Taunton, Mass. v. E.P.A.*, 139 S. Ct. 1240, 203 L. Ed. 2d 256 (2019).  However, those APA limitations (understandably) do not apply to common law or constitutional challenges to agency action brought alongside an APA claim.  *See, e.g., Miccosukee Tribe of Indians of Florida v. United States*, 2010 WL 337653, *2 (S.D. Fla. Jan, 22, 2012) (allowing discovery on the non-APA claim holding that the "constitutional claim [is] independent of any APA claim and may proceed on that ground."); *Grill v. Quinn*, 2012 WL 174873 (E.D. Cal. 2012) (finding "discovery as to the non-APA claim is permissible" because a "direct constitutional challenge is reviewed independent of the APA" and "the Court is entitled to look beyond the administrative record in regard to this claim.").

Independent claims, like the common law and constitutional challenges asserted here, "cannot be developed at the agency level and any administrative record would be insufficient to provide a basis for meaningful judicial review."  *JFEM v. Lynch*, 2019 WL 9839679, *3 (W.D. Wa. Aug. 27, 2015).  Critical evidence would be hidden from judicial review simply because the agency (at best) failed to contemplate common law and constitutional implications of its own action.  *See Saget v. Trump*, 375 F. Supp. 3d 280, 368 (E.D.N.Y. 2019) ("To constrain judicial review in such a way and to adopt the Government's view is inapposite to the Court's responsibility to 'smoke out' unconstitutional government conduct under the doctrine.").  For example, in *Vidal v. Duke*, the

3

plaintiffs asserted an APA claim challenging the government's decision to end the Deferred Action for Childhood Arrivals ("DACA") program and also brought separate claims alleging that the government violated their due process and Fifth Amendment rights when it failed to provide individualized notice of significant policy changes to the DACA program. *Vidal v. Duke*, 2017 WL 8773110 (E.D.N.Y. Oct. 17, 2017).  The government sought to limit discovery to the administrative record claiming that the "thrust" of plaintiffs' claims arise under the APA. *Id.* at *2.  The court rejected the government's request and allowed discovery to proceed on the constitutional claims noting that the "administrative record that documents the decision to end the DACA program . . . sheds no light on why the Government made [the] collateral decisions" at issue in plaintiffs' notice claims. *Id.*

In fact, the Southern District of New York recently rejected the very same arguments made by the same defendants challenging the same claims as those brought here in two separate actions. *See State of New York et al. v. United States Immigration and Customs Enforcement et al.*, No. 1:19-cv-08876-JSR, ECF 20 (S.D.N.Y) (the "*State of New York* Action"); *John Doe, et al. v. United States Immigration and Customs Enforcement et al.*, No. 1:19-cv-08892-AJN, ECF 62 (S.D.N.Y.) (the "*Doe v. ICE* Action").  There, Judges Rakoff and Nathan respectively allowed discovery to proceed on the plaintiffs' claims beyond the administrative record. *Id.*

The court should allow discovery for the same reasons here.  The administrative record is insufficient to address Plaintiffs' common law and constitutional claims.  The Plaintiffs' claims focus on the impact of Defendants' courthouse-arrest policy on the residents of the Commonwealth of Massachusetts and the harm that has caused to the Plaintiffs.  A record reflecting Defendants' decision to institute a courthouse-arrest policy alone sheds no light on Defendants' decisions on how to implement that policy or how the implementation in the Commonwealth impacted the Plaintiffs here.  Therefore, discovery on Counts II-IV should proceed.

B.       **Defendants' Position**

All of Plaintiffs' claims must be analyzed through the Administrative Procedure Act (APA), as it provides the sole waiver of sovereign immunity to suit for challenges to agency action. *See* Mot. to Dismiss, ECF 65, at 6-8; Compl. ¶¶ 97-122 (bringing claims that challenge the Directive). The APA provides the sole cause of action for Plaintiffs' common-law claims. Thus, contrary to Plaintiffs' assertions, Defendants do not seek a *stay* of discovery in this case at this time, although Defendants reserve the right to move for a stay of discovery pending resolution of the motion to dismiss or the preliminary-injunction appeal. *See* ECF 61 at 2 ("[E]ven if Plaintiffs are entitled to discovery, such discovery should not begin until after this Court rules on Defendants' motion to dismiss … ."). Defendants at this time request that this APA case be handled in the normal course, which means that discovery beyond the administrative record should not be ordered until the Court has reviewed the record or considered whether any exception to the record rule applies. *Franks v. Salazar*, 751 F. Supp. 2d 62, 67 (D.D.C. 2010) ("A court that orders an administrative agency to supplement the record of its decision is a rare bird."). In the meantime, Defendants will have produced the administrative record—the only merits discovery warranted in this APA case—before the scheduling conference. As such, Plaintiffs are incorrect to indicate that Defendants need to show good cause for their request.

As this district court has previously concluded, cloaking APA review in constitutional garb "cannot so transform the case that it ceases to be primarily a case involving judicial review of agency action." *Charlton Mem. Hosp. v. Sullivan*, 816 F. Supp. 50, 55 (D. Mass. 1993). That is why the Supreme Court recently held in a case involving separate constitutional claims under the Enumeration and Equal Protection Clauses that, "in reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record." *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573 (2019). Plaintiffs may

disagree with this principle of administrative law, but that holding from six months ago is binding precedent.

As such, to the extent that this Court holds that the Directive is reviewable at all, this case must be limited to the administrative record. *See, e.g.*, *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 42 (D.D.C. 2018) ("[W]hen a constitutional challenge to agency action requires evaluating the substance of an agency's decision made on an administrative record, that challenge must be judged on the record before the agency."); *Chiayu Chang v. USCIS*, 254 F. Supp. 3d 160, 162 (D.D.C. 2017) ("[W]here a plaintiff's constitutional claims fundamentally overlap with their other APA claims, discovery is neither needed nor appropriate."); *Harvard Pilgrim Health Care of New England v. Thompson*, 318 F. Supp. 2d 1, 10 (D.R.I. 2004) ("[T]he presence of a constitutional claim does not alter the requirements that parties first present their claims during administrative proceedings and that federal courts confine their review to the record of those proceedings"); *see also Harkness v. Sec'y of Navy*, 858 F.3d 437, 451 & n.9 (6th Cir. 2017) (rejecting argument that constitutional claim warranted extra-record discovery and explaining that constitutional claim "is properly reviewed on the administrative record" absent showing of bad faith); *Hill Dermaceuticals v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013); *Jiahao Kuang v. U.S. Dep't of Defense*, No. 18-cv-4914, 2019 WL 293379, at *2 (N.D. Cal. Jan. 23, 2019) (holding that extra-record discovery is unwarranted with constitutional claims); *J.L. v. Cissna*, 2019 WL 2224851, at *2 (N.D. Cal. Mar. 8, 2019) (same).

In this case, the Plaintiffs have not yet even received the administrative record and thus cannot credibly claim that any exception to the record rule applies. To the extent that Plaintiffs have listed scattershot district court cases permitting extra-record discovery, they are irrelevant in light of this case law and distinguishable. *Miccosukee Tribe of Indians of Florida v. United States* contends with no authorities in holding that the record rule does not apply to constitutional claims. No. 08-23001, 2010 WL 337653, at *2 (S.D. Fla. Jan, 22, 2012). *Grill v. Quinn* notes that "even where plaintiffs have

asserted constitutional claims, wide-ranging discovery is not blindly authorized at a stage in which an administrative record is being reviewed" and involves the supplementation of an administrative record. No. CIV S-10-0757 GEB, 2012 WL 174873, at *2 (E.D. Cal. Jan. 20, 2012) (internal quotation marks and citation omitted). *JFEM v. Lynch*'s holding is based on an erroneous view of jurisdiction that the U.S. Court of Appeals for the Ninth Circuit reversed, and involved no policy document or administrative record. No. C14-1026, 2015 WL 9839679, at *3 (W.D. Wa. Aug. 27, 2015); *see JEFM v. Lynch*, 837 F.3d 1026 (9th Cir. 2016).  *Saget v. Trump* involved a claim of unconstitutional animus, not present here. 375 F. Supp. 3d 280, 368 (E.D.N.Y. 2019). And *Vidal v. Duke* concerned a constitutional claim about notice. Nos. 16-cv-4756 & 17-cv-5228, 2017 WL 8773110, at *2 (E.D.N.Y. Oct. 17, 2017).

To the extent Plaintiffs rely on the ongoing cases in the Southern District of New York, those cases are distinguishable and not relevant here. First, those cases are in conflict with the case law, including law from this District, and the Supreme Court's most recent decision on record issues in cases involving both APA and constitutional claims in *Department of Commerce*. Second, those cases are also distinguishable on their facts—unlike the Plaintiffs here, Plaintiffs there purport to assert as-applied Tenth Amendment challenges, arguing that the "unprecedented" level of enforcement impedes state court processes. *New York v. ICE*, No. 1:19-cv-8876, ECF 1, ¶¶ 135-42. Plaintiffs here, however, make no such claim. Their Tenth Amendment claim is categorical, and properly treated as a facial claim: they allege that "ICE's Directive, and its corresponding policy of civilly arresting parties, witnesses, and others attending court on official business, impermissibly commandeer the state criminal justice and judiciary systems for purposes of carrying out the federal government's civil immigration policy." Compl. ¶ 115; *see id.* at ¶¶ 112-17. And they rely almost exclusively on two Supreme Court cases, *Printz v. United States*, 521 U.S. 898, 918-19 (1997) and *Murphy v. Nat'l Collegiate Athletic Ass'n*, 138 S. Ct. 1461 (2018), neither of which involved an as applied Tenth Amendment

challenge to a federal policy that somehow provided an exception to the general record rule. In short, that another court, governed by different circuit it precedent, involving different claims might have allowed discovery says nothing about whether Plaintiffs' facial Tenth Amendment challenge does allow discovery. As explained above, it does not.

Regardless, if the Court is inclined to hold that discovery is warranted, Defendants respectfully request briefing on that issue before the setting of any discovery deadlines. The novelty of Plaintiffs' claims, and the Parties' respective positions on this issue, demonstrate that it deserves full briefing.

## IV.     PROPOSED JOINT DISCOVERY PLAN AND PRETRIAL SCHEDULE

### A.     Proposed Schedule

#### 1.     Plaintiffs' Position

Should the court decline to entertain Defendants' arguments regarding the appropriateness of discovery in this case, the Plaintiffs propose the schedule set forth in the table below.  Plaintiffs' proposal that fact discovery be completed within six months is reasonable in light of the limited scope of discovery in this case.  Defendants are litigating two almost-identical actions in the Southern District of New York on a much shorter discovery timeline, and have offered no basis why they cannot comply within this more generous timeline.

Moreover, Plaintiffs oppose Defendants' request to stay discovery pending the resolution of their arguments regarding the administrative record.  Defendants have not met their burden to show good cause for a stay.  Defendants have waited over eight months since the filing of the Complaint to raise this issue and only do so now in an attempt to delay the case further.  For all the reasons set forth above, Plaintiffs are entitled to discovery on their non-APA claims and should not be prejudiced by Defendants' delay tactics.

2.      **Defendants' Position**

Defendants will produce the administrative record by January 17, 2020. Defendants request that discovery deadlines in this case not be set until the Court rules on the administrative record issue. As detailed above, Defendants will have already produced the administrative record by the scheduling conference and have strong arguments that no further discovery beyond the administrative record is needed or appropriate.

Plaintiffs' assertions that Defendants are engaging in delay tactics are misplaced. As Plaintiffs know, a motion to dismiss that may narrow some of the issues pending in this litigation is pending and has not been decided yet. In addition, in litigation involving an administrative record, the normal practice is to serve the administrative record after a motion to dismiss has been decided, but before summary judgment occurs. *Cf. Associated Fisheries of Me., Inc. v. Daley*, 127 F.3d 104, 109 (1st Cir. 1997). Defendants are proceeding consistent with that approach, but nevertheless, in order to narrow the issues pending with respect to discovery, have proposed to submit the administrative record now, rather than months from now. Additionally, Plaintiffs claim that Defendants waited eight months to raise the administrative-record issue. This is incorrect, as, even in the motion for extension of time filed in October, Defendants represented their position that "Plaintiffs are not entitled to any discovery" and the parties stated that they "request the opportunity to present their respective positions as to the propriety and timing of discovery as part of any" scheduling process "before discovery commences." ECF 61 at 2, 3 (Oct. 22, 2019).

Furthermore, Plaintiffs have not propounded any discovery on Defendants at this time and have not made any representations about its purported limited scope in any prior discussions. Contrary to Plaintiffs' suggestion, Defendants did confer with Plaintiffs to discuss why their potentially broad discovery requests would be difficult to produce within a six-month timeframe. To the extent that Plaintiffs seek discovery into individual ICE enforcement actions at or around

courthouses, that discovery requires manual review of individual paper A-files on which text recognition cannot be performed and that are not centrally stored. As such, Defendants note that any productions of such information are extremely time consuming and burdensome. Defendants expect that, if Plaintiffs seek a shorter timeframe, they should be amenable to a concomitant reduction in the scope of their discovery requests. Regardless, Defendants reserve the right to object to any unreasonably overbroad discovery requests that Plaintiffs propound.

Plaintiffs are also not parties to the suits in the U.S. District Court for the Southern District of New York, so they can make no assertions as to the present state of discovery negotiations in those cases. Their representations about the scope of what ICE is producing in those cases thus should have no bearing on this present matter. If the Court grants discovery beyond the administrative record, then Defendants propose the following alternative dates, notwithstanding any motion to stay discovery pending resolution of the motion to dismiss or appeal that Defendants may file.

| Event | Plaintiffs' Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Defendants shall produce the administrative record. | January 17, 2020 | January 17, 2020 |
| Parties shall serve their initial disclosures pursuant to Rule 26(a)(1). | January 22, 2020 | Two weeks after ruling. |
| Substantial Completion of Document Production | Parties to agree to deadline once document requests are served. | Parties to agree to deadline once document requests are served. |
| Deadline to Complete Fact Discovery | July 31, 2020 | Nine months after ruling. |
| Parties identify experts pursuant to Rule 26(a)(2) and serve opening expert reports. | August 14, 2020 | Two weeks after fact discovery deadline. |

| Event | Plaintiffs' Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Parties identify rebuttal experts pursuant to Rule 26(a)(2) and serve rebuttal expert reports. | September 4, 2020 | Three weeks after expert deadline. |
| Deadline to complete all expert discovery, including expert depositions. | September 30, 2020 | One month after rebuttal expert deadline. |
| Deadline to file dispositive motions. | October 30, 2020 | One month after discovery completion. |
| Deadline to file oppositions to dispositive motions. | November 20, 2020 | Twenty-one days after dispositive motion deadline. |
| Trial | February 2021 | Three months after opposition deadline. |

### B.      Initial Disclosures

Plaintiffs' position is that the Parties shall serve initial disclosures pursuant to Rule 26(a)(1) on January 22, 2020, as set forth in their proposed schedule above.

Defendants' position is that, because this case is an Administrative Procedure Act case, it is exempt from Rule 26(a)(1) disclosures under Rule 26(a)(1)(B). If the Court rules otherwise, Defendants propose that the deadline for parties to serve initial disclosures is two weeks after that ruling.

### C.      Subjects of Discovery, Deadlines for Completion and Phased Discovery

Defendants maintain that merits discovery outside the administrative record is not appropriate in this case. If this Court disagrees, the Parties will conduct discovery on the matters raised in their claims and defenses without the necessity for any staging of discovery except for the clear demarcation between fact discovery and expert discovery regarding the merits of the Parties' claims and defenses. The Parties' proposed schedules for the completion of discovery are set forth

above.

### D.       Discovery of Electronically Stored Information

The Parties agree that a protocol governing the discovery of electronically stored information is necessary in this case. The Parties will negotiate that agreement separately by fourteen days after this Court orders discovery, if this Court so rules.

### E.       Stipulated Federal Rule of Evidence 502(d) Order

The Parties agree to the Stipulated Federal Rule of Evidence 502(d) Order, attached as Exhibit A to this statement, addressing the inadvertent production of materials protected by the attorney-client privilege or work product doctrine.

### F.       Proposed Discovery Limitations

The Parties agree that no modifications to the limitations of discovery set forth in the Local Rules are necessary.  Consequently, pursuant to Local Rule 26.1(c) each side shall be limited "to 10 depositions, 25 interrogatories, 25 requests for admissions, and 2 separate sets of requests for production. For purposes of determining the number of interrogatories propounded, subparts of a basic interrogatory which are logical extensions of the basic interrogatory and seek only to obtain specified additional particularized information with respect to the basic interrogatory shall not be counted separately from the basic interrogatory."

### G.       Protective Orders Pursuant to Rule 26(c)

The Parties agree that a protective order shielding from disclosure confidential and sensitive information is appropriate.  The Parties will negotiate and submit a proposed order promptly.

## V.       TRIAL BY MAGISTRATE JUDGE

The Parties do not consent to trial before a Magistrate Judge.

## VI.    CERTIFICATIONS PURSUANT TO LOCAL RULE 16.1(D)(3)

The Parties will file their respective Local Rule 16.1 Certifications at or before the

Scheduling Conference.


Dated: January 15, 2020                          Respectfully submitted,

FOR THE PLAINTIFFS                               FOR THE DEFENDANTS

*/s/ David J. Zimmer*                            */s/ Rayford A. Farquhar* (by permission)
David J. Zimmer (BBO# 692715)                    RAYFORD A. FARQUHAR
    *Special Assistant Attorney General*         BBO No. 560350
GOODWIN PROCTER LLP                              Assistant U.S. Attorney
100 Northern Avenue                              U.S. Attorney's Office
Boston, MA 02210                                 1 Courthouse Way, Suite 9200
(617) 570-1000                                   Boston, MA 02210
DZimmer@goodwinlaw.com                           (617) 748-3100
*Attorney for Marian Ryan and Rachael Rollins*  Rayford.Farquhar@usdoj.gov

*/s/ Wendy S. Wayne*  (by permission)            */s/ Francesca Genova* (by permission)
Wendy S. Wayne (BBO# 555665)                     FRANCESCA GENOVA
Committee for Public Counsel Services            Trial Attorney
Immigration Impact Unit                          U.S. Dept. of Justice, Civil Division
21 McGrath Highway, Somerville, MA 02143         Office of Immigration Litigation
(617) 623-0591                                   P.O. Box 868, Ben Franklin Station
wwayne@publiccounsel.net                         Washington, D.C. 20044
*Attorney for the Committee for Public Counsel Services*   (202) 305-1062
                                                 Francesca.M.Genova@usdoj.gov
                                                 *Attorney for Defendants*
*/s/ Oren Nimni* (by permission)
Oren N. Nimni (BBO# 691821)
Lawyers for Civil Rights
61 Batterymarch St., 5th Floor
Boston, MA 02110
(617) 482-1145
onimni@lawyersforcivilrights.org
*Attorney for Chelsea Collaborative, Inc.*

**CERTIFICATE OF SERVICE**

      I, David J. Zimmer, hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on all counsel who are not served through the CM/ECF system on January 15, 2020.

/s/ David J. Zimmer