UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARIAN RYAN, in her official capacity as Middlesex County District Attorney; RACHAEL ROLLINS, in her official capacity as Suffolk County District Attorney; COMMITTEE FOR PUBLIC COUNSEL SERVICES; and the CHELSEA COLLABORATIVE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MATTHEW T. ALBENCE, in his official capacity as Acting Deputy Director of U.S. Immigration and Customs Enforcement and Senior Official Performing the Duties of the Director; TODD M. LYONS, in his official capacity as Immigration and Customs Enforcement, Enforcement and Removal Operations, Acting Field Office Director; U.S. DEPARTMENT OF HOMELAND SECURITY; and CHAD WOLF, in his official capacity as Acting Secretary of United States Department of Homeland Security, <br><br> Defendants. | No. 1:19-cv-11003-IT |

### MOTION FOR LEAVE TO FILE BRIEF AS AMICI CURIAE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Proposed *amici curiae,* law professor Nikolas Bowie and the Harvard Immigration and Refugee Clinical Program, respectfully move for leave to file a brief in support of Plaintiffs' Opposition to Defendants' Motion to Dismiss in this action on the following grounds:

1.	Proposed *amicus* Nikolas Bowie is an assistant professor of law at Harvard Law School and holds a PhD in history from Harvard University. As a historian and law professor, his research focuses on federal and state constitutional law, including the relationships between federal and state or local power. This case involves a 2017 policy adopted by the U.S. Department of Homeland Security authorizing routine civil immigration arrests at state and local courthouses. The conflict presented between state and federal authority over an issue of significant public concern is at the center of Professor Bowie's expertise and has potential ramifications across the state and country. Professor Bowie, therefore, has an interest in the sound development of this body of law.

2.	Proposed *amicus* Harvard Immigration and Refugee Clinical Program (HIRC) is a law school clinic that advocates for immigrant justice through clinical education, legal representation, litigation, and community outreach. For over thirty-five years, HIRC, in partnership with Greater Boston Legal Services, has focused on the direct representation of individuals applying for U.S. asylum and related protections, as well as on the representation of individuals who seek avoidance of forced removal in immigration proceedings. Accordingly, both HIRC and its clients have a direct interest in the outcome of the present case, which will affect or has the potential to affect immigrants' ability to access justice in the courts of this Commonwealth and the United States.

3.	No party or party's counsel authored the brief in whole or in part. No party or party's counsel, and no person other than the *amici curiae* or their counsel contributed money intended to fund preparing or submitting the brief.

4.	This Court has broad discretion to permit the filing of *amicus* briefs in cases of general public interest, and often welcomes the input and perspective they may provide. *See, e.g.*,

*Boston Gas Co. v. Century Indem. Co.*, No. 02–12062–RWZ, 2006 WL 1738312, at *1 n.1 (D. Mass. June 21, 2006) ("[Federal district] courts have inherent authority and discretion to appoint amici."); *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass. 2015) ("The role of an amicus curiae, meaning friend of the court, is to assist the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision.") (citation and internal quotation marks omitted), *aff'd*, 807 F.3d 472 (1st Cir. 2015); *Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999) ("[A] court is usually delighted to hear additional arguments from able amici that will help the court toward right answers . . . ."). *See also Portland Pipe Line Corp. v. City of South Portland*, No. 2:15-cv-00054-JAW, 2017 WL 79948, at *6 (D. Me. Jan. 9, 2017) (granting motions for leave to file *amicus* briefs and giving plaintiff and defendant opportunity to respond "within two weeks of the date of this order"); *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) ("District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'") (internal citations omitted).

  5. This Court should exercise its discretion to permit Professor Bowie and HIRC to file the attached brief as *amici curiae*. The 2017 U.S. Immigration and Customs Enforcement policy challenged in this action (ICE Directive Number 11072.1) raises important questions about the constitutional limits of Congress's authority to regulate immigration and the states' right to operate their justice systems without undue federal interference. Professor Bowie has a

unique perspective on the legal and historical background to this matter, while HIRC has familiarity and experience with immigration law and the legislative history of the Immigration and Nationality Act. Accordingly, the attached *amici* brief will inform the Court on the broader historical and legal background surrounding the interplay between the federal government's regulation of immigration and the states' interests in operating their sovereign courts. Furthermore, the arguments are not repetitive of those advanced in the Plaintiffs' memorandum in support of their opposition to the motion to dismiss.

6. On February 14, 2020, counsel for the Respondents stated that the Respondents consent to the filing of the attached *amici curiae* brief, so long as it adheres to the local rules and practice concerning page limits and formatting.

7. As a grant of this motion lies within the sound discretion of the Court, no memorandum of law is necessary.

**WHEREFORE**, proposed *amici* respectfully request that this Court grant leave to file the attached *amici curiae* brief.

February 18, 2020

By their attorneys,

/s/  Philip L. Torrey
Philip L. Torrey (BBO # 673506)
Sabrineh Ardalan, *Pro Hac Vice Forthcoming*
Harvard Immigration and
   Refugee Clinical Program
6 Everett Street, Suite 3103
Cambridge, Massachusetts 02138
ptorrey@law.harvard.edu
sardalan@law.harvard.edu

Nikolas Bowie (BBO # 690597)
Harvard Law School
1525 Massachusetts Avenue
Cambridge, Massachusetts 02138
nbowie@law.harvard.edu
*Counsel for Amici Curiae*

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that counsel for *amici*, Philip L. Torrey, conferred with the Respondents' counsel, Erez Reuveni, via electronic mail and that Respondents consent to the filing of the *amici* brief so long as it adheres to all applicable requirements.

/s/  Philip L. Torrey
Philip L. Torrey

## CERTIFICATE OF SERVICE

I, Philip L. Torrey, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 18, 2020.

/s/  Philip L. Torrey
Philip L. Torrey