UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIAN RYAN, in her official capacity as Middlesex County District Attorney; RACHAEL ROLLINS, in her official capacity as Suffolk County District Attorney; COMMITTEE FOR PUBLIC COUNSEL SERVICES; and the CHELSEA COLLABORATIVE, INC.,<br><br>        Plaintiffs,<br><br>    v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MATTHEW T. ALBENCE, in his official capacity as Acting Deputy Director of U.S. Immigration and Customs Enforcement and Senior Official Performing the Duties of the Director; TODD M. LYONS, in his official capacity as Immigration and Customs Enforcement, Enforcement and Removal Operations, Acting Field Office Director; U.S. DEPARTMENT OF HOMELAND SECURITY; and CHAD WOLF, in his official capacity as Acting Secretary of United States Department of Homeland Security,<br><br>        Defendants. | Civil Action No. 1:19-cv-11003-IT |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs Marian Ryan, Rachael Rollins, Committee For Public Counsel Services, and the Chelsea Collaborative, Inc. (collectively, "Plaintiffs") respectfully submit this notice to bring to the Court's attention the recent decision in *Washington v. U.S. Department of Homeland Security, et al.*, __ F. Supp. 3d __, 2020 WL 1819837 (W.D. Wash. Apr. 10, 2020) (attached as Exhibit A). In that decision, Judge Thomas S. Zilly denied the defendants' motion to dismiss claims similar to those

Plaintiffs bring in this case, and rejected every one of the arguments that Defendants make in support of their motion to dismiss in this case.

Judge Zilly first held that the court had subject-matter jurisdiction over the plaintiff's claims. *Id.* at *2-*9. He rejected Defendants' argument[1] that Directive No. 11072.1 (the "Directive") is mere policy "guidance" and does not constitute final agency action, holding that the Directive "satisfies both prongs" of the test established by *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) because it "constitutes ICE's most recent and 'final' word on who may be arrested inside a courthouse, and it has legal consequences for such individuals." *Washington*, 2020 WL 1819837 at *4. Judge Zilly also rejected Defendants' argument[2] that civil courthouse arrests are unreviewable as "committed to agency discretion by law." *See id.* at *6. Judge Zilly held that this "very narrow" exception did not apply "because if the State prevails on its argument that [8 U.S.C. §§ 1226(a) and 1357(a)(2)] of the INA incorporate a pre-existing state and/or federal common-law privilege against civil arrest while at or in transit to or from a courthouse, then 'an obvious standard against which to evaluate the agency's exercise of discretion' would exist." *Washington*, 2020 WL 1819837 at *6 (quoting *New York v. U.S. Immigration & Customs Enf't*, 2019 WL 6906274, at *5 (S.D.N.Y. Dec. 19, 2019)). Judge Zilly also rejected Defendants' arguments[3] regarding Article III standing and the INA's "zone of interest." *Washington*, 2020 WL 1819837 at *8-*9.

Judge Zilly next held, on the merits, that Washington had adequately pleaded each of its claims, which mirror the claims that Plaintiffs assert here. Regarding the APA claim, Judge Zilly rejected Defendants' arguments[4] that a common-law privilege against civil courthouse arrests does not exist, is extinct, or was preempted by the INA. *Washington*, 2020 WL 1819837 at *10 ("[T]he State has adequately alleged that state and/or federal common-law privileges against 'courthouse

---

[1] *See* ECF No. 65, Defs.' Mot. to Dismiss Br. at 7-8; ECF No. 86, Defs.' Reply Br. at 3-4.
[2] *See* Defs.' Mot. to Dismiss Br. at 7-8; Defs.' Reply Br. at 2-3.
[3] *See* Defs.' Mot. to Dismiss Br. at 5-6.
[4] *See* Defs.' Mot. to Dismiss Br. at 8-17; Defs.' Reply Br. at 5-6.

arrest' existed at the time the INA was enacted, that Congress did not abrogate the privilege or privileges when it passed the INA, and that, in issuing their 'courthouse arrest' policy, defendants exceeded the authority delegated to them in the INA."). Regarding the Tenth Amendment claim, Judge Zilly rejected Defendants' argument[5] that the courthouse arrest policy does not compel state actors to act or refrain from acting, instead holding that "regardless of whether state courthouses, judges, or officials have been 'commandeered,' the State is entitled to proceed forward on its Tenth Amendment claim." *Id.* at *12. And Judge Zilly rejected Defendants' argument[6] that the courthouse arrest policy does not violate aliens' rights of access to the courts. *Id.* at *13.

Judge Zilly's opinion therefore fully supports Plaintiffs' opposition to Defendants' motion to dismiss in this case.

Dated: April 14, 2020

Respectfully submitted,

/s/ Alicia Rubio-Spring
David J. Zimmer (BBO# 692715)
    *Special Assistant Attorney General*
Daryl L. Wiesen (BBO# 634872)
Alicia Rubio-Spring (BBO# 692640)
Katherine L. Dacey (*pro hac vice*)
Katherine M. Fahey (BBO# 699003)
Christopher J.C. Herbert (BBO# 703492)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
DZimmer@goodwinlaw.com
DWiesen@goodwinlaw.com
ARubio-Spring@goodwinlaw.com
KDacey@goodwinlaw.com
KFahey@goodwinlaw.com
CHerbert@goodwinlaw.com

/s/ Wendy S. Wayne
Wendy S. Wayne (BBO# 555665)
Committee for Public Counsel Services
Immigration Impact Unit
21 McGrath Highway, Somerville, MA 02143
(617) 623-0591
wwayne@publiccounsel.net

*Attorney for Plaintiff the Committee for Public Counsel Services*

/s/ Oren N. Nimni
Oren N. Nimni (BBO# 691821)
Lawyers for Civil Rights
61 Batterymarch St., 5th Floor
Boston, MA 02110
(617) 482-1145
onimni@lawyersforcivilrights.org

---

[5] *See* Defs.' Mot. to Dismiss Br. at 17-19; Defs.' Reply Br. at 7-11.
[6] *See* Defs.' Mot. to Dismiss Br. at 19-20; Defs.' Reply Br. at 11-13.

| | |
|---|---|
| *Attorneys for Plaintiffs Marian Ryan, in her official capacity as Middlesex County District Attorney, and Rachael Rollins, in her official capacity as Suffolk County District Attorney* | David J. Zimmer (BBO# 692715)<br>Daryl L. Wiesen (BBO# 634872)<br>Alicia Rubio-Spring (BBO# 692640)<br>Katherine L. Dacey (*pro hac vice*)<br>Katherine M. Fahey (BBO# 699003)<br>Christopher J.C. Herbert (BBO# 703492)<br>GOODWIN PROCTER LLP<br>100 Northern Avenue<br>Boston, MA 02210<br>(617) 570-1000<br>DZimmer@goodwinlaw.com<br>DWiesen@goodwinlaw.com<br>ARubio-Spring@goodwinlaw.com<br>KDacey@goodwinlaw.com<br>KFahey@goodwinlaw.com<br>CHerbert@goodwinlaw.com<br><br>*Attorneys for Plaintiff Chelsea Collaborative, Inc.* |

**CERTIFICATE OF SERVICE**

I, Alicia Rubio-Spring hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 14, 2020.

                                               */s/ Alicia Rubio-Spring*
                                                  Alicia Rubio-Spring